# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **C.M.**

**No. 16-0538** (Mercer County 15-JA-188-DS)

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.M., by counsel Michael P. Cooke, appeals the Circuit Court of Mercer County's April 7, 2016, order that terminated her parental, custodial, and guardianship rights to C.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), John E. Williams, Jr., filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court failed to acknowledge that her parental rights are a fundamental liberty interest and erred in denying her motion for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2015, the DHHR filed an abuse and neglect petition against petitioner and the putative father, W.M. In regard to petitioner, the DHHR alleged aggravated circumstances based on the fact that petitioner's parental rights to two older children were involuntarily terminated in two previous abuse and neglect proceedings. According to the DHHR, those prior terminations were based upon petitioner's substance abuse.[2] In regard to the instant proceeding, the DHHR received a referral in November of 2015 that, when petitioner gave birth to C.M., the child exhibited withdrawal symptoms and tested positive for cocaine and marijuana. According to the DHHR, the child was placed on morphine for the symptoms and spent fifteen days in the hospital for treatment arising from her exposure to controlled substances. That same month, petitioner waived her right to a preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]This Court affirmed both terminations of petitioner's parental rights. *See In re E.M.*, No. 11-1365, 2012 WL 3116660 (W.Va. March 12, 2012)(memorandum decision).

1

During the adjudicatory hearing in February of 2016, the circuit court heard evidence of the two prior terminations of petitioner's parental rights to older children upon conditions of substance abuse, as well as evidence that the child at issue in the current proceeding was born addicted to controlled substances. Moreover, the DHHR indicated that petitioner took no efforts to remedy the conditions of abuse and neglect from the prior proceedings. Additionally, petitioner admitted to her abuse of marijuana and cocaine during her pregnancy with C.M. and to a substance abuse problem. Petitioner also admitted to using controlled substances the day before the adjudicatory hearing. Ultimately, the circuit court adjudicated petitioner as an abusing parent due to her substance abuse during pregnancy. After adjudication, petitioner moved for a post-adjudicatory improvement period, which the circuit court took under advisement.

In March of 2016, the circuit court held a dispositional hearing, during which it denied petitioner's motion for an improvement period. In support of its motion to terminate petitioner's parental rights, the DHHR offered evidence that she was discharged twice from drug treatment programs in the prior abuse and neglect proceedings. Additionally, the evidence established that petitioner was not cooperative with services in those proceedings and that her substance abuse issues persisted through the present proceeding. Specifically, in the present matter, a DHHR employee testified that petitioner tested positive for marijuana, Suboxone, and cocaine. In fact, petitioner failed at least one drug screen between the adjudicatory and dispositional hearings. One service provider also testified that petitioner fell asleep during visits with the child and that the provider had to remove the child from petitioner's arms on one occasion out of fear she would drop the child. Ultimately, the circuit court terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

First, the Court finds no error in regard to petitioner's allegation that the circuit court failed to recognize that her parental rights are a fundamental liberty interest. Petitioner's only argument in support of this assignment of error is that the circuit court violated her liberty

interest by proceeding to termination of her parental rights without providing any remedial services. While it is true that this Court has held that parental rights are "a fundamental personal liberty protected and guaranteed by the Due Process Clauses of the West Virginia and United States Constitutions," petitioner's argument ignores the limitations placed on this liberty interest and the presence of aggravated circumstances underlying the petition's filing.

The DHHR's petition below was filed on the basis of aggravated circumstances due to the involuntary termination of petitioner's parental rights to older children in two previous abuse and neglect proceedings. Pursuant to West Virginia Code § 49-4-604(b)(7)(C), when a circuit court considers disposition in an abuse and neglect case, "the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parental rights of the parent to another child have been terminated involuntarily[.]" As such, it is clear that petitioner's argument has no merit, as the circuit court was not required to ensure that the DHHR made reasonable efforts to preserve the family prior to disposition because of the aggravated circumstances present. As such, we find no error.

Finally, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period. In support of this assignment of error, petitioner argues that she was entitled to an improvement period because she acknowledged her substance abuse problem, testified that she sought help for the same, and indicated that she would comply with any services required of her in order to regain custody of her child. Pursuant to West Virginia Code § 49-4-610(2)(B), a circuit court may grant an improvement period when the parent "demonstrates by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" While it is true that petitioner testified that she sought assistance for her substance abuse, the record shows that her efforts amount to little more than completing forms for entry into a substance abuse program and calling programs to enquire about treatment. Moreover, the evidence also shows that petitioner did not request treatment for her substance abuse from any of the service providers involved in her case. Additionally, the circuit court heard evidence that petitioner was twice discharged from other treatment programs during her prior abuse and neglect proceedings, including one incident in which petitioner was involuntarily removed from a program for making threats toward peers and being generally uncooperative. Specifically, the evidence regarding her noncompliance in her prior abuse and neglect proceedings established that petitioner simply was not cooperative with services designed to address her substance abuse. As such, although petitioner testified to her willingness to complete substance abuse treatment, the circuit court was presented with sufficient evidence of her past inability to comply with services upon which to deny her an improvement period.

Moreover, this Court has held as follows:

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

3

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. In this case, the circuit court was presented with evidence that petitioner's substance abuse persisted over several years and across three separate abuse and neglect proceedings, despite prior services designed to remedy these conditions. Additionally, as noted above, due to the nature of the aggravated circumstances, the circuit court was not required to ensure that the DHHR made reasonable efforts to preserve the family prior to disposition. As such, we find no abuse of discretion in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

For the foregoing reasons, we find no error in the circuit court's April 7, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 14, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II